UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORDAN CORPORAN, on behalf of himself and
all other persons similarly situated,

                           Plaintiff,                        **COMPLAINT**

   -against-

REGENERON PHARMACEUTICALS, INC.,         *Class Action*

                         Defendant.                  *Jury Trial Demanded*
------------------------------------------------------------------X

      Plaintiff, JORDAN CORPORAN ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, REGENERON PHARMACEUTICALS, INC., ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action against Defendant to remedy discrimination in employment in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the New York State Human Rights Law, N.Y. Executive Law §290 et seq. (hereinafter ("NYSHRL"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and other appropriate relief.

      2.     Plaintiff also brings this action on behalf of himself and similarly situated current and former employees of Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of New York Labor Law § 191 and § 195(1) ("New York Labor Law"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to New York Labor Law § 198.

**JURISDICTION AND VENUE**

3. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

5. Plaintiff is a natural person of Puerto Rican descent.

6. Defendant is a domestic business corporation with headquarters in Westchester, New York.

7. At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law § 190(2) and a "manual worker" within the meaning of Labor Law § 190(4).

8. At all times relevant, Defendant was an "employer" within the meaning of Labor Law § 190(3).

**FACTUAL ALLEGATIONS**

9. Defendant is a biotechnology company located in Tarrytown, New York.

10. Plaintiff was employed by Defendant as an hourly-paid, manual worker in the position of Animal Care Technician I from in or about 2018 until on or about May, 2021.

11. In or about November 2020, Plaintiff learned that he was being passed over for promotion by two Caucasian employees who were promoted from Animal Care Technician I to Animal Care Technician II. Plaintiff complained to his supervisor, Ruben Escano, that Defendant was discriminating against him on the basis of his race by passing him over for promotion in favor of the two Caucasian employees.

12. In November 2020, Escano retaliated against Plaintiff for opposing the discriminatory promotion by placing him on a performance improvement plan.

13. On or about May 7, 2020, Defendant further retaliated against Plaintiff by terminating his employment.

14. Defendant retaliated against Plaintiff in violation of Section 1981 and the NYSHRL.

15. As a proximate result of Defendant's discriminatory action, Plaintiff has suffered and will continue to suffer the loss of his job and the opportunity to work, the loss of his wages and the loss of benefits that he would be receiving but for Defendant's discriminatory conduct.

16. As a proximate result of Defendant's discriminatory action, Plaintiff has suffered and continues to suffer emotional harm, mental anguish, embarrassment and humiliation.

17. Defendant's conduct was done in conscious disregard for Plaintiff's protected rights.

18. As an Animal Care Technician, Plaintiff spent more than 25% of his work time performing physical tasks including, but not limited to, changing and cleaning cages, equipment, water bottles, and food; unpacking and housing animals upon arrival; Janitorial maintenance of facility rooms and stocking of supplies; performing preventative maintenance of animal facility equipment and supplies; sanitizing equipment and the facility; restocking supplies. Similarly, Aquatic Animal Care Technicians change and clean tanks, equipment and feeds of aquatic animals.

19. Defendant failed to pay Plaintiff and similarly situated persons who have worked as Animal Care Technicians and Aquatic Animal Care Technicians in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages

are earned" as required by New York Labor Law § 191. Instead, Defendant paid Plaintiff and similarly situated persons who have worked as Animal Care Technicians and Aquatic Animal Care Technicians on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

20. Defendant failed to provide Plaintiff with notice of his wage rate and the basis of his pay upon hire as required by New York Labor Law § 195(1).

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

21. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly-paid Animal Care Technicians and Aquatic Animal Care Technicians in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

22. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

23. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by Defendant as Animal

Care Technicians and Aquatic Animal Care Technicians at any time during the six (6) years prior to the filing of this Complaint.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

25. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

26. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present

action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

29. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

30. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

31. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

32. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF SECTION 1981

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendant retaliated against Plaintiff for engaging in protected activity in violation of Section 1981 of the Civil Rights Act of 1866.

35. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

36. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

37. The conduct described herein was done in conscious disregard of Plaintiff's rights.

### SECOND CLAIM FOR RELIEF
### NYSHRL RETALIATION

38. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Defendant retaliated against Plaintiff for engaging in protected activity in violation of NYSHRL.

40. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

41. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

42. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## THIRD CLAIM FOR RELIEF
## FREQUENCY OF PAY

43. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

45. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

46. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

47. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF
## WAGE NOTICE VIOLATION

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants failed to provide Plaintiff and Class Members with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law Section 195 of the Labor Law.

50. Due to Defendants' failure to provide Plaintiff and Class Members with the notice required by Section 195(1) of the Labor Law, Plaintiff and Class Members are entitled to statutory damages.

**JURY TRIAL DEMANDED**

51. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Compensatory and punitive damages under Section 1981 and the NYSHRL;

(ii.) Certification of a Class Action pursuant to F.R.C.P. 23;

(iii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iv.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(v.) Damages pursuant to NYLL § 198;

(vi.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii.) Pre-judgment and post-judgment interest as permitted by law; and

(viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
June 8, 2021

                LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*
     _____
     Peter A. Romero, Esq.
     490 Wheeler Road, Suite 250
     Hauppauge, New York 11788
     Tel. (631) 257-5588
     promero@romerolawny.com

     *Attorneys for Plaintiff*